## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **v.** | **Criminal No.      3:20-CR-46-1** |
| **MONROE MERRELL,** | |
| **Defendant.** | |

### NOTICE OF INTENT TO SEEK THE DEATH PENALTY

COMES NOW the United States of America, by and through its attorney, Randolph J. Bernard, Acting United States Attorney, and hereby gives notice pursuant to 18 U.S.C. § 3593(a) that it believes that the circumstances of the offenses charged in Counts Two, Five, Six, and Seven of the Indictment are such that, in the event that defendant MONROE MERRELL is convicted, a sentence of death is justified under Chapter 228 (Sections 3591 through 3599) of Title 18 of the United States Code, and that the United States will seek a sentence of death. Specifically, the United States will seek a sentence of death for these offenses: Count Two, aiding and abetting kidnapping resulting in the death of J.R., in violation of Title 18, United States Code, Sections 1201(a)(1) and 2; Count Five, conspiracy to commit tampering with witnesses causing the deaths of D.T. and H.G., in violation of Title 18, United States Code, Section 1512(a)(1)(C) and (k); Count Six, aiding and abetting tampering with a witness causing the death of D.T., in violation of Title 18, United States Code, Sections 1512(a)(1)(C) and 2; and Count Seven, aiding and abetting tampering with a witness causing the death of H.G., in violation of Title 18, United States Code, Sections 1512(a)(1)(C) and 2, all of which carry a possible sentence of death.

1

The United States proposes to prove the following factors as justifying a sentence of death with regards to Counts Two:

A.  MONROE MERRELL was 18 years of age or older at the time of the offense. 18 U.S.C. § 3591(a).

B.  Statutory Threshold Intent Factors Enumerated Under 18 U.S.C. § 3591(a)(2)(A)-(D).

   1.  **Intentional Killing**. MONROE MERRELL intentionally killed J.R. 18 U.S.C. § 3591(a)(2)(A).

   2.  **Intentional Infliction of Serious Bodily Injury**. MONROE MERRELL intentionally inflicted serious bodily injury that resulted in the death of J.R. 18 U.S.C. § 3591(a)(2)(B).

   3.  **Intentional Participation in Act Resulting in Death.** MONROE MERRELL participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and J.R. died as a direct result of the act. 18 U.S.C. § 3591(a)(2)(C).

   4.  **Intentional Engagement in Act of Violence, Knowing that the Act Created a Grave Risk of Death to a Person.** MONROE MERRELL intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted the reckless disregard for human life, and J.R. died as a direct result of the act. 18 U.S.C § 3591(a)(2)(D).

C.  Statutory Aggravating Factors Enumerated Under 18 U.S.C. § 3592(c).

   1.  **Death during the commission of another crime.** The death, or injury resulting in

death, of J.R. occurred during the commission of an offense under 18 U.S.C. § 1201 (Kidnapping). 18 U.S.C. § 3592(c)(1).

2. **Heinous, cruel, or depraved manner of committing offense.** MONROE MERRELL committed the offense in an especially heinous, cruel, or depraved manner in that it involved torture or serious physical abuse to J.R. 18 U.S.C. § 3592(c)(6).

3. **Substantial planning and premeditation.** MONROE MERRELL committed the offense after substantial planning and premeditation to cause the death of a person. 18 U.S.C. § 3592(c)(9).

D. Non-Statutory Aggravating Factors Under 18, U.S.C. 3593(a)(2).

1. **Destruction of Evidence:** After MONROE MERRELL killed J.R., he burned J.R.'s body to obstruct justice through the destruction of evidence.

2. **Desecration of Human Remains**: After MONROE MERRELL killed J.R., he participated in dowsing his body in gasoline and lit it on fire, thereby abusing human remains.

3. **Future Dangerousness of the Defendant**: MONROE MERRELL represents a continuing danger to the lives and safety of other persons. MONROE MERRELL is likely to commit criminal acts of violence in the future that would constitute a continuing and serious threat to the lives and safety of others, as evidenced by at least one or more of the following:

   a. Continuing Pattern of Violence: MONROE MERRELL has engaged in a continuing pattern of violence, attempted violence, and threatened violence, including, at least, his conduct in pre-trial detention, the crimes charged

against him in the Indictment, and the crime of which he was previously convicted, to wit: kidnapping, in the Circuit Court of Carroll County, Maryland, on August 22, 2016, in case number 06K16047580.

    b.  Lack of Remorse: MONROE MERRELL has demonstrated a lack of remorse for the capital offenses committed in the case, as indicated by his statements and actions during and following the offenses alleged in the Indictment, including his actions in pre-trial detention.

    c.  Low Rehabilitative Potential: MONROE MERRELL has demonstrated a low potential for rehabilitation as evidenced by his longstanding involvement in criminal activities before the capital offenses charged in the Indictment, and afterward, including his misconduct in pre-trial detention.

4.  **Victim Impact Evidence**: MONROE MERRELL caused injury, harm, and loss to the family and friends of J.R. The injury, harm, and loss caused by MONROE MERRELL with respect to J.R. is evidenced by his personal characteristics and by the impact of his death upon his family and friends.

The United States proposes to prove the following factors as justifying a sentence of death with regards to Counts Five, Six and Seven:

A.  MONROE MERRELL was 18 years of age or older at the time of the offenses. 18 U.S.C. § 3591(a).

B.  <u>Statutory Threshold Intent Factors Enumerated Under 18 U.S.C. § 3591(a)(2)(A)-(D).</u>

1.  **Intentional Participation in Acts Resulting in Death.** MONROE MERRELL participated in acts, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than

one of the participants in the offense, and D.T. (Counts Five and Six), and H.G. (Counts Five and Seven) died as a direct result of the acts. 18 U.S.C. § 3591(a)(2)(C).

C.  Statutory Aggravating Factors Enumerated Under 18 U.S.C. § 3592(c).

   1. **Substantial planning and premeditation.** MONROE MERRELL committed the offenses after substantial planning and premeditation to cause the death of a person. 18 U.S.C. § 3592(c)(9).

   2. **Multiple killings or attempted killings.** MONROE MERRELL participated in the intentional killing or attempted killing of more than one person in a single criminal episode. 18 U.S.C. § 3592(c)(16).

D.  Non-Statutory Aggravating Factors Under 18, U.S.C. § 3593(a)(2).

   1. **Obstruction of Justice:** MONROE MERRELL participated in killing D.T. and H.G. in an effort to prevent their testimony in an official proceeding and to prevent their communication to law enforcement officers of information relating to the commission of federal or state offenses.

   2. **Destruction of Evidence:** After MONROE MERRELL participated in killing D.T. and H.G., he burned their bodies to obstruct justice through the destruction of evidence.

   3. **Desecration of Human Remains:** After MONROE MERRELL participated in killing D.T. and H.G., he burned their bodies, thereby abusing human remains.

   4. **Future Dangerousness of the Defendant**: MONROE MERRELL represents a continuing danger to the lives and safety of other persons. MONROE MERRELL is likely to commit criminal acts of violence in the future that would constitute a

continuing and serious threat to the lives and safety of others, as evidenced by at least one or more of the following:

    a.   Continuing pattern of violence: MONROE MERRELL has engaged in a continuing pattern of violence, attempted violence, and threatened violence, including, at least, his conduct in pre-trial detention, the crimes charged against him in the Indictment, and the crime of which he was previously convicted, to wit: kidnapping, in the Circuit Court of Carroll County, Maryland, on August 22, 2016, in case number 06K16047580.

    b.   Lack of Remorse: MONROE MERRELL has demonstrated a lack of remorse for the capital offenses committed in the case, as indicated by his statements and actions during and following the offenses alleged in the Indictment, and afterwards, including his conduct on pre-trial detention.

    c.   Low Rehabilitative Potential: MONROE MERRELL has demonstrated a low potential for rehabilitation as evidenced by his longstanding involvement in criminal activities leading up to the capital offenses charged in the Indictment and including his misconduct on pre-trial detention.

5.  **Drugging the Victims**: MONROE MERRELL participated in surreptitiously administering methadone and suboxone to D.T. and H.G. with the intent to kill them or, at a minimum, diminish their defenses and facilitate their murders by other means.

6.  **Sexual Assault of the Victim**: Immediately prior to H.G.'s murder, MONROE MERRELL engaged in a sexual act with her, though she was incapable of appraising the nature of the conduct.

6

7. **Victim Impact Evidence**: MONROE MERRELL caused injury, harm, and loss to the family and friends of D.T. The injury, harm, and loss caused by MONROE MERRELL with respect to D.T. is evidenced by her personal characteristics and by the impact of her death upon her family and friends.

8. **Victim Impact Evidence**: MONROE MERRELL caused injury, harm, and loss to the family and friends of H.G. The injury, harm, and loss caused by MONROE MERRELL with respect to H.G. is evidenced by her personal characteristics and by the impact of her death upon her family and friends.

Dated: _7/1/2025_____

Respectfully submitted,

RANDOLPH J. BERNARD
ACTING UNITED STATES ATTORNEY

Randolph J. Bernard, WV Bar No. 8147
Acting United States Attorney
1125 Chapline Street, Suite 3000
Wheeling, WV 26003
Main Office: (304)234-0100
Fax: (304)234-0110
Attorney for United States

By: /s/ Kimberley Crockett, WV Bar No. 9335
Assistant United States Attorney
217 W. King Street
Martinsburg, WV 25401
Main Office: (304) 262-0590

## CERTIFICATE OF SERVICE

I certify that on this 1st day of July 2025, the foregoing **NOTICE OF INTENT TO SEEK THE DEATH PENALTY** was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

**James A. Swetz, Esq.**
2312 Wilton Drive, Suite 23
Wilton Manors, FL 33305

**Douglas Sughrue**
Sughrue Law
Suite 501 429 Fourth Avenue
Pittsburgh, PA 15219
dsughrue@sughruelaw.com

Respectfully submitted,

RANDOLPH J. BERNARD
ACTING UNITED STATES ATTORNEY

By: /s/ Kimberley Crockett, WV Bar No. 9335
Assistant United States Attorney
217 W. King Street
Martinsburg, WV 25401
Main Office: (304) 262-0590